921 F.2d 1338
 In re SCHOOL ASBESTOS LITIGATION.
The CELOTEX CORPORATION, Carey Canada Inc., Armstrong World
Industries, Inc., Asbestos Corp., Ltd., Bell Mines, Ltd.,
Asten Group, Basic, Inc., Benjamin Foster-Amchem, Union
Carbide Corp., Cassiar Resources, Ltd., Brinco Mining, Dana
Corporation, Empire Ace Insulation, Fibreboard, GAF
Corporation, Georgia-Pacific Corp., Uniroyal, Inc., W.R.
Grace & Company, Kaiser Cement Corp., Pfizer, Inc.,
Pittsburgh Corning Corp., H.K. Porter Corp., Southern
Textile Corp., Rockwool Manufacturing Co., Wilkin
Insulation, C. Tennant & Sons, U.S. Mineral, Petitioners No. 90-1217,
v.
The Honorable James McGirr KELLY, Nominal Respondent No. 90-1217,
and
Barnwell School District No. 45, School District of
Lancaster, Manheim Township School District,
Lampeter-Strasburg School District, Board of Education of
the Memphis City Schools And A Conditionally Certified
Class, Respondents No. 90-1217.
In re SCHOOL ASBESTOS LITIGATION.
EAGLE-PICHER INDUSTRIES, INC., Petitioner No. 90-1219,
v.
The Honorable James McGirr KELLY, Nominal Respondent No. 90-1219,
and
Barnwell School District No. 45, School District of
Lancaster, Manheim Township School District,
Lampeter-Strasburg School District, Board of Education of
the Memphis City Schools, And A Conditionally Certified
Class, Respondents No. 90-1219.
 Nos. 90-1217, 90-1219.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 19, 1990.
Decided Dec. 13, 1990.
As Amended Jan. 7, 1991.
 
 Stephen A. Mavda (argued), Ralph W. Brenner, Larry R. Barron, Bernadette M. Coughlin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for The Celotex Corp. and Carey Canada Inc.
 Richard McMillan, Jr., David B. Siegel, Stuart H. Newberger, Melinda B. Thaler, Crowell & Moring, Washington, D.C., Barbara A. Pennell, Thompson & Pennell, Philadelphia, Pa., for Eagle-Picher Indus., Inc.
 Michael I. Otchet, Armstrong World Industries, Lancaster, Pa., John F. Kent, Ellen M. Holtzman, Marks, Kent & O'Neill, Philadelphia, Pa., for Armstrong World Industries.
 Leslie Anne Miller, Goldfein & Joseph, Philadelphia, Pa., for Asbestos Corp. Ltd. and Bell Mines, Ltd.
 Robert P. Corbin, German, Gallagher & Murtagh, Philadelphia, Pa., for Asten Group.
 David J. Novack, Budd, Larner, Kent, Gross, Picillo, Rosenbaum, Greenberg & Sade, Short Hills, N.J., Geoffrey Stern, Knepper, White, Arter & Hadden, Columbus, Ohio, for Basic, Inc.
 Seymour I. Toll, Theresa A. Wallace, Toll, Ebby & Langer, Philadelphia, Pa., for Benjamin Foster-Amchem and Union Carbide Corp.
 Patrick T. Ryan, T. Andrew Culbert, Drinker, Biddle & Reath, Philadelphia, Pa., Thomas R. Andrews, Wendy S. White, John O. Aldock, Shea & Gardner, Washington, D.C., for Cassiar Resources, Ltd. and Brinco Min.
 Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for Dana Corp.
 Brenda M. Flock, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for Empire Ace Insulation.
 Walter R. Milbourne, Timothy W. Callahan, II, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Fibreboard.
 Edward Greer, Alan C. Kessler, H. Nathaniel Metz, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., John O'Brien, GAF Corporation, Wayne, N.J., for GAF Corp.
 Alan Klein, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for Georgia-Pacific Corp. and Uniroyal, Inc.
 Denis McInerney (argued), Allen S. Joslyn, Cahill Gordon & Reindel, New York City, for W.R. Grace & Co.
 Daniel J. Ryan, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., Patrick J. Hagan, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for Kaiser Cement Corp.
 Lisa K. Kill, Pfizer, Inc., Legal Div., New York City, Charles R. Bruton, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Pfizer, Inc.
 Andrew Trevalise, Reed, Smith, Shaw & McClay, Philadelphia, Pa., Albert P. Lenge, Danaher, Tedford, Lagnese & Neil, Hartford, Conn., for Pittsburgh Corning Corp.
 Thomas R. Cunningham, White & Williams, Philadelphia, Pa., for H.K. Porter Corp. and Southern Textile Corp.
 Jonathan Wheeler, Gallagher, Wheeler, Reilly & Lachat, Philadelphia, Pa., for Rockwool Mfg. Co.
 Joseph T. Mallon, Dunn, Haase, Sullivan & Mallon, Media, Pa., for Wilkin Insulation.
 Mitchell S. Pinsly, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for C. Tennant & Sons.
 Stephen J. Imbriglia, Hecker, Brown, Sherry & Johnson, Philadelphia, Pa., for U.S. Mineral.
 Herbert B. Newberg (argued), Harvey S. Kronfeld, Gerald E. Wallerstein, Sandra L. Duggan, Herbert B. Newberg, P.C., Philadelphia, Pa., David Berger, Harold Berger, Warren D. Mulloy, Thomas F. Hughes, David Berger, Attorneys at Law, Philadelphia, Pa., for respondents, Class plaintiffs.
 Lawrence T. Hoyle, Jr., Arlene Fickler, Catherine C. Olanich, Hoyle, Morris & Kerr, Philadelphia, Pa., for respondent, Nat. Gypsum Co.
 Daniel A. Speights, Speights & Runyan, Hampton, S.C., Chair, Trial and Liability Committee for respondents.
 Charles Alan Wright, Austin, Tex., of counsel to respondents.
 Before SCIRICA, COWEN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 We are faced with petitions for a writ of mandamus filed by The Celotex Corporation, Carey Canada Inc., Armstrong World Industries, Inc., Asbestos Corp., Ltd., Bell Mines, Ltd., Asten Group, Basic, Inc., Benjamin Foster-Amchem, Union Carbide Corp., Cassiar Resources, Ltd., Brinco Mining, Dana Corporation, Empire Ace Insulation, Fibreboard, GAF Corporation, Georgia-Pacific Corp., Uniroyal, Inc., W.R. Grace & Company, Kaiser Cement Corp., Pfizer, Inc., Pittsburgh Corning Corp., H.K. Porter Corp., Southern Textile Corp., Rockwool Manufacturing Co., Wilkin Insulation, C. Tennant & Sons, and U.S. Mineral at No. 90-1217 and Eagle-Picher Industries, Inc. at 90-1219 requesting us to order the district court to decertify a nationwide class of school districts seeking to recover damages from manufacturers and distributors of asbestos products. On October 12, 1990, Celotex filed for Chapter 11 bankruptcy in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, at No. 100168B1. The act of filing triggers the automatic stay provisions of 11 U.S.C. Sec. 362. Accordingly, we will stay the proceedings at No. 90-1217 in which Celotex is the petitioner. See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir.1982). We will meet the contentions of the other petitioners at No. 90-1217 and those of Eagle Picher on the merits and will deny relief.
 
 I.
 
 2
 In 1984, the district court certified a nationwide opt-out class of school districts seeking to recover from approximately fifty defendants. The purpose of certifying the national school asbestos class was primarily to expedite the resolution of the schools' asbestos-in-buildings claims. In re Asbestos School Litigation, 104 F.R.D. 422, 433 (E.D.Pa.1984), aff'd in part, rev'd in part, 789 F.2d 996 (3d Cir.), cert. denied, 479 U.S. 852, 107 S.Ct. 182, 93 L.Ed.2d 117 (1986). When the case was first before us as an interlocutory appeal, certified under 28 U.S.C. Sec. 1292(b), we reviewed the district court's decision, and substantially agreed with the rationale behind its certification, observing that:
 
 
 3
 The use of the class action device appears to offer some hope of reducing the expenditure of time and money needed to resolve the common issues which are of substantial importance.... "It is difficult to imagine that class jury findings on the class questions will not significantly advance the resolution of the underlying hundreds of cases."
 
 
 4
 Id. at 1010 (citation omitted). Though voicing some concern about manageability of the class, we acceded to the district court's determination that the litigation would be manageable, both because of that court's greater familiarity with trial management concerns and because class actions are always subject to decertification "[w]hen, and if, the district court is convinced that the litigation cannot be managed ..." Id. at 1011.
 
 
 5
 In April, 1989, the petitioners, who are two of the fifty defendants in the district court, moved for decertification, arguing, inter alia, that the class was demonstrably unmanageable. The district court denied the motion on January 11, 1990 and this petition for writ of mandamus followed.
 
 
 6
 In this litigation a question was raised as to jurisdiction. We determined in In re School Asbestos Litig., 921 F.2d 1310 (3d Cir.1990) that the defendant petitioners had not met their burden of showing a "clear and indisputable lack of subject matter jurisdiction in the district court." Thus, trial court jurisdiction was proper based on 28 U.S.C. Sec. 1332. Jurisdiction before us is premised on 28 U.S.C. Sec. 1651 and Rule 21, F.R.A.P.
 
 II.
 
 7
 On proper appeal from a final judgment, or a certification under 28 U.S.C. Sec. 1292(b), review of the certification of a class is governed by the abuse of discretion standard. Pa. Dental Ass'n v. Medical Services Ass'n of Pa., 745 F.2d 248, 255 (3d Cir.1984). But we are not faced with an appeal here. Instead we have a request for mandamus.
 
 
 8
 Mandamus is a drastic remedy which should be invoked only under extraordinary circumstances amounting to a judicial "usurpation of power," Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) or where there is "no other adequate means to obtain the relief ... and the court below has committed a clear error of law." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1118 (3d Cir.1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987), quoting Sporck v. Peil, 759 F.2d 312, 314 (3d Cir.1985), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). The party seeking mandamus has the burden of showing that its right to the writ is "clear and indisputable." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).
 
 III.
 
 9
 We do not write on a clean slate here. We considered the precise question sub judice earlier in DeMasi v. Weiss, 669 F.2d 114 (3d Cir.1982). In DeMasi, we held clearly that "a class action determination, affirmative or negative, is not a final order appealable under 28 U.S.C. Sec. 1291," 669 F.2d at 119, that the only route open "for the interlocutory review of the grant or denial of class certification, at least in this case, is pursuant to 28 U.S.C. Sec. 1292(b)," id., and that "[w]e will not employ mandamus in this case to circumvent these precepts." Id. There are no circumstances in the matter before us now that were not present in DeMasi.
 
 
 10
 The sine qua non of entitlement to mandamus relief is that the party seeking the writ have no other adequate remedies, Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); Commonwealth of Pa. v. Newcomer, 618 F.2d 246, 248 (3d Cir.1980). Petitioner Eagle-Picher clearly has alternative means available under 28 U.S.C. Sec. 1292(b).
 
 
 11
 We write and publish here only to emphasize that this court adheres to its decision in DeMasi and does not intend to dilute our clear holding that precludes the use of mandamus to reverse the grant or denial of a class certification.
 
 IV.
 
 12
 The petition of Celotex for the writ of mandamus at No. 90-1217 will be stayed. The petitions of all other petitioners at No. 90-1217 and Eagle-Picher at No. 90-1219 will be denied.