ELD-003                                                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 22-3053

_____

IN RE: MARK MAZZA; LISA MAZZA,

Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-17-cv-05453)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 21, 2022
Before:  SHWARTZ, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: January 9, 2023)

_____

OPINION[*]

_____

PER CURIAM

Mark and Lisa Mazza, proceeding pro se, petition for a writ of mandamus

compelling District Judge Eduardo C. Robreno to recuse himself from presiding over an

ejectment action in the United States District Court for the Eastern District of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania. They also seek a writ compelling the District Court to reassign the case to another District Judge pursuant to the court's local rules and to provide them an opportunity to conduct discovery. On December 5, 2022, petitioner Mark Mazza filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The act of filing triggers the automatic stay provisions of 11 U.S.C. § 362. See In re School Asbestos Litig., 921 F.2d 1338, 1341 (3d Cir. 1990); Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448-49 (3d Cir. 1982). Accordingly, we will stay the proceeding as to Mark Mazza. For the reasons discussed below, we will deny the mandamus petition as to Lisa Mazza. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991) (noting that "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor").

In 2017, petitioners' home was purchased at a Sheriff's sale by the Bank of New York Mellon ("BNYM"). Petitioners subsequently refused to vacate the property, which prompted BNYM to file an ejectment action in the Chester County Court of Common Pleas. Petitioners then removed the case to the United States District Court for the Eastern District of Pennsylvania, where the matter was assigned to District Judge Petrese B. Tucker. During the litigation of that case, petitioners filed an action against BNYM and other entities in the District Court, alleging, inter alia, that BNYM acquired title to their property by fraudulent means. The case was assigned to District Judge Eduardo C. Robreno. In July 2022, BNYM's ejectment action was reassigned to Judge Robreno upon Judge Tucker's assumption of inactive status.

2

On September 18, 2022, petitioners filed a motion for Judge Robreno's recusal or disqualification from the ejectment action pursuant to 28 U.S.C. §§ 144, 455. Petitioners claimed that opposing counsel's disclosure to the court during a conference call in the fraud action that Mr. Mazza was a former attorney impugned the Mazzas' credibility and created a high probability that Judge Robreno would investigate court and disciplinary records. They also alleged that disparaging statements made by BNYM's counsel in filings in the fraud action warranted recusal. The District Court denied the motion. It also denied petitioners' motion to reassign the ejectment case pursuant to the court's local rules. Petitioners then filed this mandamus petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is properly invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Mandamus is a proper means to obtain review of the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Under § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). In this

3

regard, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

Here, Lisa Mazza has not made a persuasive case for mandamus relief. Her allegations that Judge Robreno harbored hostility toward her and Mr. Mazza are based on the unsupported speculation that (1) Judge Robreno looked into why Mr. Mazza was no longer an attorney and (2) opposing counsel's allegedly disparaging comments about where the Mazzas were residing and their litigation strategy had prejudiced the court.[1] The only evidence that Mrs. Mazza identifies as demonstrating such hostility or prejudice are the court's legal rulings, which "alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. She has not alleged any judicial remarks indicating a "high degree of favoritism or antagonism as to make fair judgment impossible." Id. Nor is the administrative reassignment of her case to Judge Robreno indicative of any potential bias. Thus, Mrs. Mazza has not established that a reasonable

---

[1] In their mandamus petition, petitioners state that Mr. Mazza has been disbarred.

4

person would question the District Court's impartiality, and she is accordingly not entitled to a writ of mandamus ordering recusal.

To the extent that Mrs. Mazza seeks to compel the District Court to allow her to conduct discovery before the filing of summary judgment motions in the ejectment action, she is not entitled to mandamus relief because she can challenge any denial of discovery on appeal from a final order of the court. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (explaining that where "in effect, an appeal will lie, mandamus will not"); see also Madden, 102 F.3d at 79. The same is true for the court's denial of her motion to reassign the ejectment action pursuant to the court's local rules. See U.S. v. Eleven Vehicles, Their Equip. and Accessories, 200 F.3d 203, 215 (3d Cir. 2000) (reviewing a District Court's departure from its own local rules on direct appeal from a final order).

Accordingly, we will deny the petition as to Lisa Mazza and stay the petition as to Mark Mazza. Mark Mazza shall notify this Court when the automatic stay is no longer in effect.